## SUPREME COURT.

### CALVIN D. PARKHILL agt. JOSEPH N. HILLMAN and others, Administrators of W. S. PARKHILL, deceased.

In an action in the supreme court, where a motion for costs against executors or administrators is made at a term of the court not held by the same judge before whom the trial was had, the certificate of the judge before whom the trial was had must be presented, showing what facts bearing on the question of costs appeared on the trial.

Whether, where the motion for costs is made at a term held by the same judge who presided on the trial, any certificate is necessary. *Quere?*

*Otsego Special Term, March,* 1856.

THIS action was tried at a circuit court held by Mr. Justice GRAY, when the plaintiff obtained a verdict for $208, which was the full amount claimed by the plaintiff, of the estate represented by the defendants. The plaintiff, upon the pleadings and on affidavits, now moves for costs against the defendants, on the ground that payment of the claim on which the money was had was " unreasonably resisted or neglected " by the defendants. The defendants object to the court entertaining the motion, on the ground that no certificate of Mr. Justice GRAY has been obtained in reference to the facts that appeared on the trial. The plaintiff insists that his claim for costs rests on facts that did not appear on the trial, and that, as the supreme court is now organized, no certificate is necessary on a motion for costs against executors or administrators.

JAS. E. DEWEY, *for plaintiff*.
H. LATHROP, *for defendants*.

BALCOM, Justice. It is provided by statute, that no costs can be recovered in actions against executors or administrators, unless it appear that the demand on which the action was founded was presented within a specified time, and that its payment was unreasonably resisted or neglected, or that the

defendant refused to refer the same; in which cases the court may direct such costs to be levied of the property of the defendants, or of the deceased, as shall be just, *having reference to the facts that appeared on the trial.* " If the action be brought in the supreme court, such facts *shall be certified by the judge before whom the trial ·shall have been had."* (2 *R. S., p.* 90, § 41.)

This statute was enacted under the constitution of 1821, when the circuit judges took no part in the decision of causes at either the general or special terms of the supreme court. The object of the certificate was to inform the supreme court on the motion for costs what facts appeared on the trial: for the court determined the question of costs with reference to the facts that appeared on the trial." (*Gansevoort* agt. *Nelson,* 6 *Hill,* 393.) This statute is expressly made applicable to questions of costs under the Code in actions against executors and administrators. (§ 317 *of the Code.*)

The certificate of the judge who presided on the trial was deemed the best evidence, under the old circuit system, of the facts that appeared on the trial; and neither the constitution of 1846, nor the Code, nor any other statute, has changed the rule, or rendered the certificate of the judge before whom the trial was had unnecessary, when the motion for costs is made at a term held by a judge who did not preside on the trial. The court must now, as before the constitution of 1846, in granting or refusing costs, " have reference to the facts that appeared on the trial." And such facts must still be certified by the judge before whom the trial is had. (2 *R. S.* 90, § 41.) There would, probably, be no necessity for a certificate, if the judge before whom the trial is had holds the court where the motion for costs is made—unless it be to inform the defendant in advance what facts, bearing upon the question of costs, the judge deems established at the trial. So he could avoid its effect by proof of other facts—as the certificate is not conclusive as to costs. (6 *Hill,* 389.) But it is not necessary to decide that question on this motion.

The conclusion to which I have arrived is, that I cannot

grant or refuse costs to the plaintiff on this motion, because no certificate has been obtained of the judge before whom the trial was had as to the facts that appeared on the trial. The motion must, therefore, be denied, with $10 costs, but without prejudice.